UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CHARLES ROBERT,

                 Plaintiff

    -against-

DEPARTMENT OF JUSTICE,
and SOCIAL SECURITY ADMINISTRATION,

                 Defendants.
----------------------------------------------------------------X

**NOT FOR PUBLICATION**

ORDER

05-CV-2543 (NGG)(ETB)

GARAUFIS, District Judge.

By Memorandum and Order, dated December 9, 2005 ("December 9 M&O"), I ordered Plaintiff Charles Robert's complaint stricken and directed him to submit to this court an amended complaint that included all non-severed, surviving claims from this action, Charles Robert V v. Department of Justice, CV-03-4324, and Charles Robert VI a/k/a Snowflake 5391 v. Department of Justice, CV-04-0269. (December 9 M&O at 28.)

Before the court is a written application by Plaintiff for this court to consider adding additional claims to this amended complaint. (Robert Letter to the Court, December 14, 2005.) In my December 9 M&O, I specifically cautioned Robert that "if this amended complaint is found not to comply with Fed. R. Civ. P. 8(a), *or if it includes new claims or claims that have in the past been dismissed*, that I shall dismiss the complaint with prejudice and consider the imposition of sanctions." (December 9 M&O at 28 (emphasis added).) In addition, I instructed Robert that:

> Any future FOIA complaint(s) by Robert, including claims severed from this action, must be submitted to my attention as a Motion for Leave to File. Any future Robert FOIA complaints to this court must abide by the same rules that I

have imposed for the instant amended complaint, and must be filed using his true name, "Charles Robert."  The Clerk of the Court is directed to reject without filing or docketing any new FOIA complaint filed by Robert without my prior authorization.

(December 9 M&O at 28-29.)

Accordingly, Robert's application to add additional claims to his amended complaint in this matter is denied.  Should Robert violate any of these instructions, I shall dismiss the action and consider the imposition of sanctions.  Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962).

SO ORDERED.

Dated: December 16, 2005                        /s/ Nicholas G. Garaufis
       Brooklyn, N.Y.                                Nicholas G. Garaufis
                                                      United States District Judge